IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| JAMES DANIEL MOORE | § | |
| VS. | § | CIVIL ACTION NO. 5:17-cv-112 |
| WARDEN, FCI TEXARKANA | § | |

## MEMORANDUM ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner James Daniel Moore, a prisoner confined at the Federal Correctional Institution in Texarkana, Texas, proceeding through counsel, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Docket No. 1.

The Court referred this matter to the Honorable Caroline Craven, United States Magistrate Judge, for consideration pursuant to the applicable laws and orders of this Court. The Magistrate Judge recommends dismissing the petition for writ of habeas corpus. Docket No. 2.

The Court has received and considered the report and recommendation of the Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. The petitioner filed objections to the report and recommendation. Docket No. 3. The Court then ordered the respondent to file a response to the petitioner's objections. Docket No. 4. The respondent filed its response on February 22, 2018. Docket No. 7. Petitioner filed a reply. Docket No. 9.

The Court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the Court concludes the objections are without merit.

The petitioner alleges that he should be resentenced in light of Amendment 801 to the United States Sentencing Guidelines, which took effect on November 1, 2016. Docket No. 1 at 6. This claim does not challenge the manner in which the petitioner's sentence is being executed. Rather it is an attack on the legality of his sentence, based on the petitioner's claim that an amendment to the Sentencing Guidelines should be applied retroactively to reduce the petitioner's sentence. A claim challenging the legality of a sentence generally must be brought under 28 U.S.C. § 2255, not § 2241. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

This court is bound by circuit precedent, which holds that the savings clause of § 2255(e), which in some instances allows a petitioner to proceed under § 2241 when relief is not available under § 2255, "applies to a claim: (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001). As the Magistrate Judge concluded, the petitioner failed to meet either prong of the *Reyes-Requena* test. Docket No. 2 at 3. The petitioner's claim does not demonstrate that he was convicted of "a nonexistent offense" as required by the actual innocence prong of *Reyes-Requena*. Additionally, the petitioner's ground for review is not based on a retroactively applicable Supreme Court decision, and it was not foreclosed at the time of trial. Therefore, the petitioner may not pursue his claim concerning his sentence under § 2241.

The petitioner argues that he should be allowed to pursue relief under § 2241 because the savings clause of § 2255(e) is unconstitutionally vague, citing the recent Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015). Docket No. 3 at 2. In response, the United

States argues that while petitioner's counsel has made the exact same argument in federal district courts across the country, he has been denied relief each time. Docket No. 7 at 3. The United States further argues that the statute that was held unconstitutionally vague in *Johnson* is different from the statute at issue in this case. *Id*. at 4.

The Court declines to grant petitioner's relief. Other courts have considered this exact same argument and denied relief. *See Kapenekas v. Snyder-Norris*, 2016 WL 3840521, at *5 (E.D. Ky. July 12, 2016) ("Kapenekas cites no credible case law in support of his conclusory proposition that the savings clause of 28 U.S.C. § 2255 is void for vagueness."); *Wolfe v. Warden, FCI-Edgefield*, 2017 WL 3097843, at *2 (D. S.C. July 21, 2017) (finding that the savings clause is not unconstitutionally vague); *Byers v. Warden, FCI Butner Medium II*, 2017 WL 3725187, at *4 (E.D. N.C. Aug. 29, 2017) ("The court finds that § 2255's savings clause does not suffer from the same flaws as the ACCA's residual clause as described by the Supreme Court in *Johnson*.").

Moreover, the United States is correct that the statute at issue in this case is different from the one struck down in *Johnson*. Petitioner argues that the statues are similar because there is a "deep, multi-circuit split on the interpretation of the savings clause." Docket No. 3 at 3. But while "Petitioner's examples demonstrate some differences by circuit courts in applying the savings clause, [they] do not meet the grave uncertainty described by the Supreme Court in *Johnson*." *Rojas v. Shartle*, 2017 WL 4238735, at *5 (D. Ariz. Sept. 25, 2017). "For example, they establish neither 'repeated attempts and failures to craft a principled and objective standard' nor 'pervasive disagreement about the nature of the inquiry one is supposed to conduct and the kinds of factors one is supposed to consider.' " *Id*. (quoting *Johnson*, 135 S. Ct. at 2558, 2560). "Although how courts articulate the elements of a valid claim under the savings clause differ, for most circuits the fundamental elements remain." *Rojas*, 2017 WL 4238735, at *5.

Therefore, because the cases cited by the parties have all declined to find the savings clause of § 2255(e) unconstitutionally vague and because of the key differences between the statute at issue here and the one struck down in *Johnson*, the Court declines to find that the savings clause of § 2255(e) is unconstitutionally vague.[1]

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report and recommendation of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**SIGNED this 8th day of March, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE

---

[1] Further, in *Nichols v. Warden, FCI Beaumont*, 694 F. App'x 324 (5th Cir. 2017), the Court affirmed a district court's rejection of the same argument, stating that the "conclusional argument that the savings clause of 28 U.S.C. § 2255(e) is unconstitutionally vague fails to show that the district court erred in dismissing [Petitioner's] § 2241 petition."